The issue before the Court is whether any records maintained by NCBA qualify as "agency records" subject to disclosure under FOIA. NCBA argues that its records are "not 'agency records' just because [the Board] ... has the authority to audit NCBA's performance on its contracts." NCBA Cross-Mem. at 4. The Court agrees.
The Supreme Court and D.C. Circuit have repeatedly noted that FOIA does not provide any definition of "agency records." See, e.g., Forsham v. Harris , 445 U.S. 169, 178, 100 S.Ct. 977, 63 L.Ed.2d 293 (1980) ; Tax Analysts , 492 U.S. at 143, 109 S.Ct. 2841 ; Judicial Watch, Inc. v. U.S. Secret Serv. , 726 F.3d 208, 215-16 (D.C. Cir. 2013). In DOJ v. Tax Analysts , the Supreme Court established a two-prong test to determine whether documents qualify: the first prong asks whether the records were created or obtained by the agency, and the second prong considers the extent to which the agency was in control of the records at the time the FOIA request was made. 492 U.S. at 144-45, 109 S.Ct. 2841 ; see also Burka v. U.S. Dep't of Health & Human Servs. , 87 F.3d 508, 515 (D.C. Cir. 1996) (laying out a four-factor test to determine if an agency was in "control" of the documents). Therefore, to qualify as an "agency record" subject to FOIA's disclosure rules, defendant must have created or obtained the records, and have been in control of the records at the time the FOIA request was made. The agency has the burden of demonstrating that the materials sought are not agency records. Tax Analysts , 492 U.S. at 142 n.3, 109 S.Ct. 2841.
Because the Court finds that defendant did not create or obtain the documents at issue, the NCBA records are not "agency records" under FOIA. And even assuming that the Court found that defendant obtained the documents, defendant did not, under the four Burka factors, control them at the time the FOIA request was made.
I. USDA has not obtained the requested NCBA beef checkoff records.
Under the first step of the Tax Analysts inquiry, a court must consider whether the records requested were created by or obtained by the agency subject to the FOIA request. 492 U.S. at 144-45, 109 S.Ct. 2841. Here, there is no question that the Beef Board, AMS, and USDA did not create the records plaintiff seeks; those records were created by NCBA. See Pl.'s Mem. at 10 (admitting that NCBA created the records). Therefore, to find this first prong satisfied, USDA, AMS, or the Beef Board must have "obtained" the documents.
While the Supreme Court has not determined what "agency conduct is necessary to support a finding that [it] has 'obtained' the documents, at the least, the agency cannot have 'obtained' documents until it has possession ... over them." Wolfe v. Dep't of Health and Human Servs. , 711 F.2d 1077, 1080 (D.C. Cir. 1983). For FOIA purposes, possession "embodies more than the mere physical location of the documents; the agency must actually have custody of the documents. There must be some 'nexus' between the agency and the documents other than the mere incidence of location." Id. ; see also Kissinger , 445 U.S. at 157, 100 S.Ct. 960 (declining to "hold that the physical location of the notes of telephone conversations rendered them 'agency records' " because they were not generated or used by the State Department, they never entered the State Department's files, and the State Department was not in control of the documents).
*9 Plaintiff rests its entire argument on the fact that the agency has the authority to audit NCBA's records. It maintains that defendant has "obtained" the records because the agency "has unfettered access to NCBA's beef checkoff records" based on its ability to audit the records under the applicable regulations and the governing Operating Agreement. Pl.'s Mem. at 10-11.
But the Supreme Court held in Forsham v. Harris that documents an agency has the right to acquire would not become agency records subject to FOIA "unless and until the right is exercised." 445 U.S. at 181, 100 S.Ct. 977 ; see also Judicial Watch, Inc. v. Fed. Hous. Fin. Agency , 646 F.3d 924, 928 (D.C. Cir. 2011) (holding that the agency's "unexercised right to use and dispose of the records requested in this case is not enough to subject those records to FOIA"). Thus, "agencies' right of access to the materials" does not transform records into "agency records" under FOIA. Tax Analysts , 492 U.S. at 144, 109 S.Ct. 2841 (discussing Forsham ). That is because "FOIA applies to records which have been in fact obtained, and not to records which merely could have been obtained." Forsham , 445 U.S. at 185-86, 100 S.Ct. 977 (emphasis in original).
While NCBA admits that some of its records "are subject to review by AMS in a contractual audit function," NCBA Cross-Mem. at 14, there is no dispute that neither AMS nor the Beef Board has requested or received the relevant NCBA records, and that "NCBA has never turned over records to AMS [or] USDA." NCBA SOF ¶¶ 12, 15; Pl.'s Resp. to NCBA SOF ¶¶ 12, 15. Further, it is undisputed that NCBA records have never been in AMS's or the Board's possession, custody, or control. NCBA SOF ¶¶ 12, 16; Pl.'s Resp. to NCBA SOF ¶¶ 12, 16.
By ordering the agency to "exercise its right of access," the Court "effectively would be compelling the agency to 'create' an agency record," and this would "extend the reach of [FOIA] beyond what... Congress intended." Forsham , 445 U.S. at 186, 100 S.Ct. 977. Therefore, the Court concludes that defendant did not create or obtain the records at issue, and they do not qualify as "agency records" under FOIA.
II. USDA did not control the requested NCBA beef checkoff records either.
Even if the Court could find that defendant created or obtained the records, the second prong of the Tax Analysts inquiry would not be met because defendant did not control the records at the time the FOIA request was made. Control means that "the materials have come into the agency's possession in the legitimate conduct of its official duties." Tax Analysts , 492 U.S. at 145, 109 S.Ct. 2841. The D.C. Circuit has established a four part test to apply when addressing the question of whether an agency was in control. The Court should consider:
(1) the intent of the document's creator to retain or relinquish control over the records; (2) the ability of the agency to use and dispose of the record as it sees fit; (3) the extent to which agency personnel have read or relied upon the document; and (4) the degree to which the document was integrated into the agency's record system or files.
Burka , 87 F.3d at 515, quoting Tax Analysts v. DOJ , 845 F.2d 1060, 1069 (D.C. Cir. 1988).[4] The Court of Appeals has held *10 that this is a "totality of the circumstances test," Consumer Fed. of Am. v. Dep't of Agric. , 455 F.3d 283, 287 (D.C. Cir. 2006), but that the third factor-the degree to which an agency has used the document-is the "decisive factor." Judicial Watch, Inc. , 646 F.3d at 927-28.
First, NCBA intends to retain control of its records and intellectual property, as evidenced by the undisputed facts in this case and the provision in NCBA's Operating Agreement governing NCBA's ownership rights. NCBA SOF ¶¶ 6, 8; Pl.'s Resp. to NCBA SOF ¶¶ 6, 8 ("NCBA retains partial ownership rights over records generated in the course of its beef checkoff contract work."); see also Operating Agreement at 6-7 ¶ I. So this factor weighs in favor of defendant.
Second, while the agency may have a right to audit certain NCBA records, it is undisputed that it has not exercised that right. See NCBA SOF ¶¶ 12, 15-16; Pl.'s Resp. to NCBA SOF ¶¶ 12, 15-16. Further, the record is devoid of any evidence regarding the agency's ability to dispose of NCBA records, and plaintiff does not contend that the agency has such authority. See Pl.'s Mem. at 13; Pl.'s NCBA Cross-Opp. at 12; Pl.'s USDA Cross-Opp. at 12. At best for plaintiff, this factor is neutral.
Turning to the third and most important Burka factor, which focuses on the extent to which agency personnel have read or relied upon the document, it is undisputed that "AMS has no knowledge of any USDA personnel having either read or relied on the records in question." See USDA SOF ¶ 13; Pl.'s Resp. to USDA SOF ¶ 13. "[W]here an agency has neither created nor referenced a document in the 'conduct of its official duties,' the agency has not exercised the degree of control required to subject the document to disclosure under FOIA." Judicial Watch, Inc. , 646 F.3d at 928 (citation omitted). Thus, this third factor is fatal to plaintiff's claim.
Finally, the fourth factor instructs the Court to consider "the degree to which the document was integrated into the agency's record system or files." Burka , 87 F.3d at 515. Here, "the degree is none at all." Judicial Watch, Inc. , 646 F.3d at 928. "It goes without saying that an agency cannot integrate into its record system a document created by a third party that none of its employees have read ...." Id.
Therefore, defendant did not control the records in question at the time the FOIA request was made.
CONCLUSION
The Court finds that defendant USDA neither created nor obtained the NCBA beef checkoff records, and it was not in control of them at the time the FOIA request was made. Therefore, the documents do not qualify as "agency records" subject to FOIA, and the Court will grant USDA's and NCBA's cross-motions for summary judgment and deny plaintiff's motion for summary judgment.
A separate order will issue.

The D.C. Circuit has questioned the helpfulness of the four Burka factors. See Cause of Action v. Nat'l Archives & Records Admin. , 753 F.3d 210, 214-15 (D.C. Cir. 2014) (noting that the Court's past application of the test revealed "its considerable indeterminacy," particularly in cases where the agency documents "do not present the sort of questions the Burka test purports to answer"), quoting Judicial Watch, Inc. v. U.S. Secret Serv. , 726 F.3d 208, 220 (D.C. Cir. 2013). Because the precedent has not been formally overturned, the factors are fairly easy to apply in this case, and they are consistent with the outcome under the first prong of the Tax Analysts test, the Court sees no reason not to use the test here. See Beveridge & Diamond, P.C. v. U.S. Dep't of Health & Human Servs. , 85 F.Supp.3d 230, 239-40 (D.D.C. 2015) (using the same approach).